**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Sarah H. Cohen (SBN 330700)
*sarah@tomorrowlaw.com*
Lizette Rodriguez (SBN 335182)
*lizette@tomorrowlaw.com*
1460 Westwood Blvd.,
Los Angeles, California 90024
Telephone: (310) 438-5555
Facsimile: (310) 300-1705

*Attorneys* for Plaintiff, BRANDON CHRISTOPHER ROMERO, an individual and on behalf of all others similarly situated
*(Additional Counsel Information on Following Page)*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON CHRISTOPHER ROMERO, an individual and on behalf of all others similarly situated.<br><br>Plaintiff,<br>v.<br><br>VERTEX AEROSPACE LLC, a Delaware Limited Liability Company; DAN SPEER, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 1:24-CV-01385-JLT-CDB<br><br>Assigned to:<br>District Judge the Hon. Jennifer L. Thurston<br>Magistrate Judge the Hon. Christopher D. Baker<br><br>**THE PARTIES' JOINT STIPULATION REGARDING MEDIATION AND PLAINTIFF'S MOTION TO REMAND; ORDER**<br><br>Complaint Filed:  September 16, 2024<br>Removal Filed:     November 12, 2024<br>Trial Date:              None Set |

---

1
THE PARTIES' JOINT STIPULATION REGARDING MEDIATION AND PLAINTIFF'S MOTION TO REMAND; [~~PROPOSED~~] ORDER

1  Adam Y. Siegel (SBN 238568)
2  *Adam.Siegel@jacksonlewis.com*
   Martin P. Vigodnier (SBN 311834)
3  *Martin.Vigodnier@jacksonlewis.com*
4  Rachel E. Albert (SBN 319495)
   *Rachel.Albert@jacksonlewis.com*
5  **JACKSON LEWIS P.C.**
6  725 South Figueroa Street, Suite 2800
   Los Angeles, California 90017-5408
7  Telephone: (213) 689-0404
8  Facsimile: (213) 689-0430

9  *Attorneys* for Defendant VERTEX AEROSPACE LLC

Counsel for Plaintiff Brandon Christopher Romero ("Plaintiff") and Defendant Vertex Aerospace LLC ("Defendant") (collectively, "the Parties") hereby submit the following Joint Stipulation regarding mediation and Plaintiff's Motion to Remand:

WHEREAS, on September 26, 2024, Plaintiff filed the instant Class Action Complaint in the Superior Court for the State of California, County of Kern, alleging the following ten causes of action: (1) Failure To Pay Overtime Wages; (2) Failure To Pay Minimum Wages; (3) Failure To Provide Meal Periods; (4) Failure to Provide Rest Periods; (5) Waiting Time Penalties; (6) Wage Statement Violations; (7) Failure to Timely Pay Wages; (8) Failure to Indemnify; (9) Violation of Labor Code Section 227.3; and (10) Unfair Competition;

WHEREAS, on November 12, 2024, Defendant timely removed the instant Class Action Complaint to federal court pursuant to the Class Action Fairness Act of 2005 ("CAFA").

WHEREAS, on January 15, 2025, Plaintiff filed a representative action in the Superior Court for the State of California, County of Kern a claim for civil penalties pursuant to the California Private Attorneys General Act of 2004, California Labor Code §§ 2698 et seq. ("PAGA") alleging Defendant violated various provisions of the California Labor Code (*Romero PAGA*).

WHEREAS, on February 10, 2025, Plaintiff filed a notice of motion and motion to remand the instant Class Action Complaint to California state court (the "Motion to Remand"). *See* Dkt. 10.

WHEREAS, on February 18, 2025, Defendant filed a notice of related cases informing the Court of the *Romero PAGA* matter pursuant to Local Rule 123. *See* Dkt. 14.

WHEREAS, the Parties have agreed in principle to privately mediate the claims and allegations asserted in the instant action and *Romero PAGA*.

WHEREAS, the Parties have agreed to stay all litigation, including formal discovery and law and motion practice, in the instant action and *Romero PAGA* pending the completion of mediation.

WHEREAS, the Parties agree to work expeditiously and in good faith to secure a mutually agreed upon mediator and mediation date.

WHEREAS, the Parties seek to preserve the Parties' and the Court's time and resources in the matter to resolving the instant action and *Romero PAGA*.

WHEREAS, Plaintiff agrees to withdraw his Motion to Remand without prejudice, and the Parties agree Plaintiff may re-file the Motion to Remand should the mediation not result in settlement.

WHEREAS, the Parties agree to lift the stay on litigation, including formal discovery and law and motion practice, in the instant actin and the *Romero PAGA* action, if mediation is not scheduled within 30 days of the execution of this stipulation.

THEREFORE, it is hereby stipulated and agreed as follows:

1. All proceedings before this Court in this action are stayed in its entirety pending the completion of mediation, unless mediation is not scheduled by March 24, 2025;
2. Plaintiff withdraws his Motion to Remand without prejudice;
3. Plaintiff may re-file the Motion to Remand should mediation not result in settlement;
4. Within thirty (30) days of the completion of mediation, the Parties will submit a joint status report informing the Court of the outcome of the mediation; and
5. The stay on litigation is lifted 30 days after the scheduled mediation.

/ / /

Dated: February 21, 2025                    Respectfully Submitted,

**BIBIYAN LAW GROUP**

By:  */s/ Lizette Rodriguez*
      David D. Bibiyan
      Sarah H. Cohen
      Lizette Rodriguez
*Attorneys for* Plaintiff BRANDON ROMERO

Dated: February 21, 2025                    **JACKSON LEWIS P.C.**

By:  */s/ Martin P. Vigodnier*
      Adam Y. Siegel
      Martin P. Vigodnier
      Rachel E. Albert
*Attorneys for* Defendant VERTEX AEROSPACE LLC

# ORDER

After fully considering the Parties' Stipulation and for good cause appearing, **IT IS HEREBY ORDERED** that:

This matter, including all discovery and motion practice, is hereby stayed in its entirety pending the completion of mediation;

1. All proceedings before this Court in this action are stayed in its entirety pending the completion of mediation, unless mediation is not scheduled by March 24, 2025;
2. Plaintiff's pending Motion to Remand (Dkt. 10) is withdrawn without prejudice;
3. Plaintiff may re-file the Motion to Remand should the mediation not result in settlement;
4. Within thirty (30) days of the completion of mediation, the Parties will submit a joint status report informing the Court of the outcome of the mediation; and
5. The stay on litigation is lifted 30 days after the Parties scheduled mediation.

IT IS SO ORDERED.

Dated:   **February 21, 2025**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE